IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ashley Morgan | § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| Humble Independent School District | § § § | |
| Defendant | § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**COMES NOW** Ashley Morgan ("Plaintiff"), to file this lawsuit against St. Lukes Episcopal Health System ("Defendant" or "HUMBLE INDEPENDENT SCHOOL DISTRICT") for himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act ("FLSA") and for this cause of action states the following:

1. Plaintiff Ashley Morgan currently resides in Cypress, Texas.

2. Defendant Humble Independent School District is a public school system operating in Harris County, Texas, and may be served by delivering a copy of the complaint and citation to its general counsel, Randy Gunter, at 20200 Eastway Village Drive, Humble, Harris County, Texas, 77338, or at any other place where he may be found.

3. At all times material to this action, Plaintiff Ashley Morgan was employed by the Defendant.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at Section 216(b).

5. This action is brought to recover unpaid compensation, in the form of overtime

1

compensation, owed to Plaintiff and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA.

6. Ms. Morgan was employed with the Defendant as a "school police officer" in Defendant's school district. Ms. Morgan was hired to work Monday – Friday. Additionally, Ms. Morgan's job duties require her to work mandatory overtime after an eight (8) hour shift from three (3) to five (5) days per week for normal school district functions and private functions held on school premises. For private functions, as long as it does not conflict with school use, Defendant may also rent the school district buildings to private parties such as churches for educational, recreational, community/civic, social, service, for-profit events, parent events, school support events, professional and public education activities, to earn extra money for the school district. Ms. Morgan is required to work overtime by Defendant to at these private functions, often time following regular paid eight (8) hour shifts.

7. Ms. Morgan and all similarly situated employees were paid a specified hourly wage.

8. Defendant had a uniform policy and practice of taking an automatic deduction of thirty (30) minutes from Plaintiff and class member's overtime records for any overtime worked over thirty (30) minutes and after an eight (8) hour shift. The deduction was not for lunch or break, but rather described to Ms. Morgan and all similarly situated employees as a "mandatory deduction authorized by the school district."

9. As a result of Defendant's practice of automatic overtime deductions of 30 minutes

each per shift for any overtime worked after an eight (8) hour shift, Ms. Morgan and other similarly situated employees were not paid any overtime compensation for all hours they worked each week.

10. Ms. Morgan and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b).

12. Defendant is subject to personal jurisdiction in the State of Texas for the purpose of this lawsuit.

13. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(l) of the FLSA.

14. At all times relevant to this action, Defendant was an "employer" of the named Plaintiff as defined by §203(d) of the FLSA.

15. At all times material to this action, the Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

16. The provisions set forth in 29 U.S.C. §§206 and 207, respectively, of the FLSA apply to Defendant and all members of the Plaintiff Class herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendant.

17. At all times relevant to this action, Defendant employed Plaintiff and similarly

situated employees in the capacity of School District employees.

18. As school district police officer working for Defendant, the majority of Plaintiff's duties involved patrolling district schools before, during and after regular business and school hours by vehicle and on foot to enforce regulations, prevent criminal activity and enforce criminal law, guard against and inspects for vandalism, illegal entry, theft and fire; apprehending suspects; investigating crimes; making recommendations for the disposition of criminal and related matters involving the security of district facilities, personnel, students or visitors. Ms. Morgan and the other members of the class of similarly situated school district employees were required to work overtime after regular school hours at private events so that the school district could bring in extra income. Ms. Morgan and her fellow similarly situated co-workers have worked mandatory overtime hours and each shift, were deducted thirty (30) minutes of overtime.

19. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, the Defendant has failed to pay its employees for all hours worked in excess of forty (40) at one and a half times their regular hourly rate. Therefore, Defendant has willfully violated the overtime provisions of the Fair Labor Standards Act.

20. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

21. Plaintiff Ashley Morgan therefore seeks to represent the following class of similarly situated employees: All current and former school police officers of HUMBLE INDEPENDENT SCHOOL DISTRICT who at any time between October 2012 and the present: (1) worked for HUMBLE INDEPENDENT SCHOOL DISTRICT, (2) were subject to HUMBLE INDEPENDENT SCHOOL DISTRICT's practice of automatic deduction of 30 minutes from each shift for overtime, (3) did not receive payment for all hours of work in excess of forty (40) at one and a half (1.5) times their regular rate of pay. All employees fitting the foregoing description would benefit from Court-supervised notice and the opportunity to join the present lawsuit, and should be so notified.

22. Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with §207 of the FLSA.

23. As a result of Defendant's violations of the FLSA, the named Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

24. In addition to the amount of unpaid wages and benefits owing to the Plaintiff and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

25. Defendant's actions in failing to compensate the Plaintiff, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful.

26. Defendant has received legal counseling and advice on how to pay employees through its General Counsel.

27. Within the last three years Plaintiff and other similarly situated employees have contacted Defendant through the human resources department for clarification and reasoning for the automatic thirty (30) minute overtime deduction.

28. Despite having received questions and complaints, Defendant failed to pay these employees, including Plaintiff, overtime pay which they have earned.

29. Refusing to pay overtime to and refusing to provide an explanation for the non-payment of overtime demonstrates that Defendant knew or showed reckless disregard for whether their policy of denying overtime to employees was prohibited. Defendant has systematically and consistently over the past three (3) years, forced Plaintiff and other similarly situated employees to work mandatory overtime so that the school district could earn extra income hosting private events and refused to pay them for their overtime work by deducting thirty (30) minutes from every overtime shift worked during that time.

30. Defendant has not made a good faith effort to comply with the FLSA.

31. The Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE,** the Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, pray for the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

b. Certification of this action as a collective action brought pursuant to the FLSA §

216(b);

c. Designation of Plaintiff as a representative of the other computer technical support employees working for Humble Independent School District ("FLSA Collective Plaintiffs");

d. That, at the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such notice, to all Defendant's covered employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt in to this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

e. An award of damages to Plaintiff and similarly-situated employees, in the amount of their respective unpaid overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b);

f. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action;

g. Costs of action incurred herein, including expert fees;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other legal relief to which they may be entitled.

## JURY TRIAL DEMANDED

Ms. Morgan and all similarly situated employees who join this action, further demand a jury trial on all issues of fact in this case.

Respectfully submitted,

By: /S/Trang Q. Tran
Trang Q. Tran
TRAN LAW FIRM L.L.P.
Federal I.D: 20361
Texas Bar No. 00795787
9801 Westheimer, Suite 302
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

Nichole Nech
THE NECH LAW FIRM, P.C.
Nichole M. Nech
Federal I.D.:
SBOT: 24033816
800 Bering Drive, Suite 220
Houston, Texas 77056
Telephone: (713) 936-9496
Facsimile: (888) 557-7257

**ATTORNEYS FOR PLAINTIFF**