IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY MORGAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:16-cv-01241 |
| | § | |
| HUMBLE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Humble Independent School District ("District" or "Humble ISD") files its

Original Answer, and would respectfully show the Court the following:

### I.
### ORIGINAL ANSWER

**A.     AFFIRMATIVE DEFENSES**

In asserting the following defenses, the District does not admit that the burden of proving

the allegations or denials contained in the defenses is upon the District, but, to the contrary, asserts

that the burden of proving the facts relevant to many of the defenses and the burden of proving the

inverse of the allegations contained in many of the defenses is upon the Plaintiff.   Moreover, by

asserting any defense the District does not admit any liability, but, to the contrary, specifically

denies any and all allegations of liability in the Plaintiff's lawsuit.   Without admitting liability as

to any of the Plaintiff's causes of action, the District asserts the following defenses:

1.     The Plaintiff has failed to mitigate her damages, if any.

2.     The Plaintiff has failed to exhaust her administrative remedies.

3.     The District asserts that any actions it took were made in good faith and with reasonable grounds to believe that the District was not violating the FLSA.  *See* 29 U.S.C. § 260.

**B.**     **R**ESPONSES TO **S**PECIFIC **A**LLEGATIONS

The District responds to the Plaintiff's Original Collective Action Complaint in a manner that corresponds to each of Plaintiff's paragraphs as follows:

1.     Admit.

2.     Admit.

3.     Admit.

4.     The District admits that the Plaintiff is asserting a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), but denies that the District has violated the FLSA.  The District denies all further factual allegations and legal argument made in this paragraph.

5.     The District admits that the Plaintiff is asserting a claim for unpaid overtime compensation under the FLSA, but denies that the District has violated the FLSA and/or owes the Plaintiff any unpaid overtime compensation. The District denies all further factual allegations and legal argument made in this paragraph.

6.     The District admits that Plaintiff is a peace officer employed by the District, and that her normal work week is Monday through Friday.   The District admits that the Plaintiff's job sometimes requires her to work overtime, although the District can neither admit nor deny that said overtime was always three to five days a week.   The District admits generally that some District property is available for use by some categories of outside organizations after school or on weekends, and that the District often has District staff – including but not limited to District police officers - present to monitor the use of the District's property by those groups.   The District denies

any implications that those Humble ISD staff members are there to primarily benefit the outside organizations, but rather admits that their primary purpose is to ensure the safety and security of Humble ISD property being used. The District also denies that the primary purpose of any use of District facilities by outside organizations is to "earn extra money for the school district," since the fees charged to most groups are designed to recoup the actual cost of said use to the District. The District denies all further factual allegations and legal argument made in this paragraph.

7. Admit.

8. The District admits that if an employee in the police department worked more than eight (8) hours a day, the District did deduct thirty (30) minutes for their lunch break. The District denies all further factual allegations and legal argument made in this paragraph.

9. The District admits that if an employee in the police department worked more than eight (8) hours a day, the District did deduct thirty (30) minutes for their lunch break, but denies that this resulted in the Plaintiff or other employees not being paid overtime compensation for all hours that they worked, on a daily basis or a weekly basis. The District denies all further factual allegations and legal argument made in this paragraph.

10. The District denies that the Plaintiff is entitled to any of the damages or other relief requested in this paragraph. The District denies all further factual allegations and legal argument made in this paragraph.

11. The District admits that jurisdiction and venue are proper in the Southern District of Texas.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16.     The District admits that Section 206 and Section 207 of the FLSA apply to the District.   The District can neither admit nor deny that "all members of the Plaintiff Class herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendant," because at the time of the filing of this Answer there was no "Plaintiff Class."   The District denies all further factual allegations and legal argument made in this paragraph.

17.     The District admits that the District employed the Plaintiff.   The District denies all further factual allegations and legal argument made in this paragraph.

18.     The District admits that this paragraph contains a fairly accurate general description of the Plaintiff's duties as a police officer for Humble ISD.   The District admits that the Plaintiff's job sometimes requires her to work overtime, but denies that the Plaintiff was required to work "at private events"; instead, the District admits that the Plaintiff's primary purpose in supervising the use of District facilities by outside organizations was to ensure the safety and security of the Humble ISD property being used.   The District also denies that the primary purpose of any use of District facilities by outside organizations is to "bring in extra income," since the fees charged to most groups are designed to recoup the actual cost of said use to the District.   The District admits that if an employee in the police department worked more than eight (8) hours a day, the District did deduct thirty (30) minutes for their lunch break.   The District denies all further factual allegations and legal argument made in this paragraph.

19.     The District admits that it is aware of the requirements of the FLSA and its corresponding regulations. The District denies all further factual allegations and legal argument made in this paragraph.

20.     The District denies all factual allegations and legal argument made in this paragraph.

21.     The District denies all factual allegations and legal argument made in this paragraph.

22.     The District denies all factual allegations and legal argument made in this paragraph.

23.     The District denies all factual allegations and legal argument made in this paragraph.

24.     The District denies all factual allegations and legal argument made in this paragraph.   The District denies that the Plaintiff or any other Humble ISD employee is entitled to any of the damages or relief discussed in this paragraph.

25.     The District denies all factual allegations and legal argument made in this paragraph.

26.     The District admits that at most times during the last five years it has had a General Counsel.  The District asserts that any advice or counsel given by its General Counsel to any Humble ISD employees is protected by the attorney-client privilege.  The District denies all factual allegations and legal argument made in this paragraph.

27.     The District denies all factual allegations and legal argument made in this paragraph.

28.     The District denies all factual allegations and legal argument made in this paragraph.

29.     The District denies all factual allegations and legal argument made in this paragraph.

30.     The District denies all factual allegations and legal argument made in this paragraph.

31.     The District denies all factual allegations and legal argument made in this paragraph.   The District denies that the Plaintiff or any other Humble ISD employee is entitled to any of the damages or relief discussed in this paragraph.

**RESPONSE TO PRAYER FOR RELIEF (PAGES 6 TO 7)**

The District denies that the Plaintiff or any other Humble ISD employee is entitled to any of the damages or relief discussed in the Prayer.

**RESPONSE TO "JURY TRIAL DEMANDED"**

The District admits that Plaintiff has requested a jury trial.

## II.
## CONCLUSION AND PRAYER

Defendant Humble Independent School District prays that all claims against it be dismissed with prejudice in their entirety, and that it be awarded such relief, both at law and in equity, to which it has shown itself entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:    /s/ Christopher B. Gilbert
          Christopher B. Gilbert
          State Bar No. 00787535

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone:    (713) 554-6744
Fax:          (713) 583-7698
cgilbert@thompsonhorton.com

Attorneys for the Defendant

**OF COUNSEL**

Audrey R. Shakra
State Bar No. 24068137
Southern District No. 2840802
**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
713.554.6763– Telephone
713.583.6618 – Facsimile
ashakra@thompsonhorton.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic service, on June 7, 2016 to:

Mr. Trang Q. Tran
Tran Law Firm L.L.P.
9801 Westheimer, Suite 302
Houston, Texas 77056

Ms. Nicole Nech
The Nech Law Firm, P.C.
800 Bering Drive, Suite 220
Houston, Texas    77056


    /s/ Christopher B. Gilbert
Christopher B. Gilbert